UNITED STATES DISTRICT COURT
EASTERN DISRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN MICHAEL KELLEY, NEW PRIME, INC. *d/b/a* PRIME, INC. and SUCCESS LEASING, INC., RAY BROADWAY, Individually and as Representative of the Estate of DAVID BROADWAY, and ELOIS BROADWAY, Individually and as Next Friend of JEFF BROADWAY and LISA BROADWAY,<br><br>*Plaintiffs*,<br><br>v.<br><br>INGRAM TRUCKING, INC. and DUSTIN HUGUENOT,<br><br>*Defendants*. | §§§§§§§§§§§§§§§§§§§§<br><br>CASE NO. 5:05-CV-00134-JRG-JBB |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The complaint in the above-captioned case was filed in 2005. (Dkt. No. 1.) After the parties reached a settlement agreement, the Court entered a Final Judgment and Order Approving Minor's Settlement on September 18, 2006. (Dkt. No. 30.) A Settlement Agreement and Release attached to the Final Judgment included a structured settlement owned by MetLife Tower Resources Group and issued by Metropolitan Life Insurance Company, payable to Jeffrey Broadaway in periodic lump-sum payments and monthly annuity payments. (*See* Dkt. No. 30-3.) The Settlement Agreement and Release provides as follows:

> Claimants acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Claimants; nor shall the Claimants have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

*Id.*, ¶ 3.0.

On May 23, 2025, Movant Jeff Broadaway ("Movant"), currently residing in Florida, filed

a Motion to Allow Application for Approval of Transfer of Structured Settlement Payment Rights to Proceed in a State Court in Florida.[1] (Dkt. No. 32.) Movant desires to transfer his portion of the structured settlement payments, and in accordance with Florida's Structured Settlement Protection Act, filed an application for said transfer in Santa Rosa County, Florida. Because of the restrictive language contained in the settlement agreement approved by this Court, Movant filed his current motion seeking an order permitting him to proceed in the state court in Florida with his application to transfer. (*See id.* at 2.)

After noticing a telephone conference for July 3, 2025, wherein Movant's counsel appeared and discussed Movant's motion,[2] the Magistrate Judge issued a Report and Recommendation on July 9, 2025. (Dkt. No. 38.) The Magistrate Judge recommended that Movant's request be granted and that the Court enter Movant's amended proposed order (Dkt. No. 37) allowing Movant to proceed in a state court in Florida with his Application for the Transfer of Structured Settlement Payment Rights.

No objections have been filed to date. Because no objections have been received, any aggrieved party is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations. Moreover, except upon grounds of plain error an aggrieved party is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

---

[1] The reopened case was assigned to the undersigned and referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

[2] During the telephone conference, Movant's counsel confirmed, as stated in Movant's motion, that counsel served other interested parties (Metropolitan Life Insurance Company and MetLife Tower Resources Group) at the time he filed the motion. Movant's counsel further confirmed that the motion only concerns the structured settlement to Jeffrey Broadaway.

The Court has reviewed the Final Judgment and Order Approving Minor's Settlement, Movant's motion, and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the July 9, 2025 Report and Recommendation of the Magistrate Judge is **ADOPTED** as the findings and conclusions of this Court. It is further

**ORDERED** that Motion to Allow Application for Approval of Transfer of Structured Settlement Payment Rights to Proceed in a State Court in Florida (Dkt. No. 32) is **GRANTED**. Contemporaneously with this Order, the Court is entering an Order Allowing an Application for Approval of Transfer of Structured Settlement Payment Rights to Proceed in a State Court in Florida.

The Clerk of the Court is directed to close the case.

**So ORDERED and SIGNED this 14th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE